# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

FILED IN OPEN COURT

MAR 2 6 2010

CHARLES R. DIARD, JR.
CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | CRIMINAL NO.  09-00280-CG |
| v. | * | |
| | * | |
| CHRISTIAN RODNEY ICE | * | |

## PLEA AGREEMENT

The defendant, **CHRISTIAN RODNEY ICE**, represented by his counsel, and the United

States of America have reached a Plea Agreement in this case, pursuant to Rule 11 of the Federal

Rules of Criminal Procedure, the terms and conditions of which are as follows:

## RIGHTS OF THE DEFENDANT

1.  The defendant understands his rights as follows:

    a.  To be represented by an attorney;

    b.  To plead not guilty;

    c.  To have a trial by an impartial jury;

    d.  To confront and cross-examine witnesses and to call witnesses and produce

    other evidence in his defense;

    e.  To not be compelled to incriminate himself/herself.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

2.  The defendant waives rights b through e, listed above, and pleads guilty to Count 2

of the Indictment, charging a violation of Title 18 United States Code, Section 247(c), Damage to

Religious Property.

3.  The defendant understands that the statements he makes under oath in the plea of

1

guilty must be completely truthful and that he can be prosecuted for making false statements or perjury for any false statements he makes intentionally in this plea of guilty.

4.     The defendant expects the Court to rely upon his statements here and his response to any questions that he/she may be asked during the guilty plea hearing.

5.     The defendant is not under the influence of alcohol, drugs, or narcotics. He is certain that he is in full possession of his senses and mentally competent to understand this Plea Agreement and the guilty plea hearing which will follow.

6.     The defendant has had the benefit of legal counsel in negotiating this Plea Agreement. He has discussed the facts of the case with his attorney, and his attorney has explained to the defendant the essential legal elements of the criminal charge(s) which has been brought against him. The defendant's attorney has also explained to the defendant his understanding of the United States' evidence.

7.     The defendant understands that the United States has the burden of proving each of the legal elements of the criminal charge(s) beyond a reasonable doubt. The defendant and his counsel have discussed possible defenses to the charge(s). The defendant believes that his attorney has represented him faithfully, skillfully, and diligently, and he is completely satisfied with the legal advice of his/her attorney.

8.     A separate document, entitled Factual Resume, will be submitted to the Court as evidence at the guilty plea hearing. The Factual Resume is incorporated by reference into this Plea Agreement. The defendant and the United States agree that the Factual Resume is true and correct.

9.     This plea of guilty is freely and voluntarily made and is not the result of force,

threats, promises, or representations apart from those set forth in this Plea Agreement. There have been no promises from anyone as to the particular sentence that the Court may impose. The defendant avers that he is pleading guilty because he knows that he is guilty.

## PENALTY

10. The maximum penalty the Court could impose as to Count 2 of the Indictment is:

   1. 1 year imprisonment;

   2. A fine not to exceed $100,000;

   3. A term of supervised release of 1 year, which would follow any term of imprisonment. If the defendant violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

   4. A mandatory special assessment of $50.00; and

   5. Such restitution as may be ordered by the Court.

## SENTENCING

11. The Court will impose the sentence in this case. The United States Sentencing Guidelines apply in an advisory manner to this case. The defendant has reviewed the application of the Guidelines with his attorney and understands that no one can predict with certainty what the sentencing range will be in this case until after a pre-sentence investigation has been completed and the Court has ruled on the results of that investigation. The defendant understands that at sentencing, the Court may not necessarily sentence the defendant in accordance with the Guidelines. The defendant understands that he/she will not be allowed to withdraw his guilty plea if the applicable guideline range is higher than expected, if the Court departs from the applicable advisory guideline range, or if the Court imposes a sentence

notwithstanding the Guidelines.

12. The United States may provide all relevant sentencing information to the Probation Office for purposes of the pre-sentence investigation. Relevant sentencing information includes, but is not limited to, all facts and circumstances of this case and information concerning the defendant's conduct and background.

13. The defendant understands that this Plea Agreement does not create any right to be sentenced in accordance with the Sentencing Guidelines, or below or within any particular guideline range, and fully understands that determination of the sentencing range or guideline level, or the actual sentence imposed, is solely the discretion of the Court.

14. Both the defendant and the United States are free to allocute fully at the time of sentencing.

15. The defendant agrees to tender $50.00 to the U.S. District Court Clerk in satisfaction of the mandatory special assessment in this case. The United States reserves the right to withdraw any favorable recommendations it may agree to within this document if the defendant fails to pay the special assessment prior to or at the time of his sentencing.

## **RESTITUTION**

16. The defendant agrees to pay such restitution as may be ordered by the Court relating to the count of conviction as well as such counts as the United States intends to dismiss. The amount of restitution owed, if any, shall be determined by the Court at the time of sentencing.

# REQUIRED EDUCATION/TRAINING

17. The defendant agrees to attend and complete the following educational programs and events sponsored by the Alabama Holocaust Commission in Montgomery, Alabama, which will both occur prior to sentencing in this case.

**State Yom Hashoah Commemoration** | Speaker: Governor Bob Riley

Date: Tuesday, 13 April 2010

10:30-11:30 a.m. | Days of Remembrance Commemoration | Location: Old House Chamber, State Capitol | Speaker: Governor Bob Riley

11:30 a.m.-12:30 p.m. | Luncheon (price: $10 per person) | Location: "The Tunnel" (area connecting the Capitol and State House).

12:45-1:00 p.m. | Recognition by State Legislators, Holocaust Survivors Introduced | Location: House Chamber, Alabama State House

(The defendant will attend the entirety of each of the above three events and will be responsible for paying for his own lunch).

**Auburn University at Montgomery Holocaust Education Day**

Date: Wednesday, 21 April 2010

Time: 9:30 a.m. until 12:00 noon

Defendant's failure to adhere to this requirement is a breach of this Plea Agreement. As a result of such breach, the United States may reinstate any and all charges against him, and the defendant expressly waives any speedy trial motion, and expressly agrees to waive for speedy trial purposes all the time from the date of the guilty plea to sentencing.

5

## UNITED STATES' OBLIGATIONS

18.    The United States will not bring any additional charges against the defendant related to the facts underlying the Indictment and will move to dismiss Count 1 of the Indictment at sentencing. This agreement is limited to the United States Attorney's Office for the Southern District of Alabama and the United States Department of Justice, Civil Rights Division but does not bind any other federal, state, or local prosecuting authorities.

19.    The United States will recommend to the Court that the defendant be sentenced to a **sentence within the sentencing guideline range as determined by the Court**.

## APPLICATION OF U.S.S.G. § 5K1.1 AND/OR FED.R.CRIM.P. 35

20.    If **Defendant** agrees to cooperate with the United States, he agrees to the following terms and conditions:

1.    **Defendant** shall **fully, completely, and truthfully** respond to all questions put to him by law enforcement authorities regarding the underlying facts of the offense(s) with which he is charged, as well as the underlying facts of **any** criminal offense(s), state or federal, of which he has information or knowledge.

2.    **Defendant** acknowledges that he understands that he shall provide **truthful and complete** information regarding **any** offense about which he has knowledge or information regardless of whether or not law enforcement authorities question him specifically about any such offense. This provision requires the defendant to divulge all information available to him even when law enforcement authorities do not know about the defendant's involvement, knowledge or information relating to any particular offense. This requirement

6

extends to **any and all persons** about whom **Defendant** has such knowledge or information.

3.    **Defendant** agrees to cooperate completely with all law enforcement authorities in any matters to which his cooperation may be deemed relevant by any law enforcement authority. **Defendant** agrees to fully comply with all instructions from law enforcement authorities regarding the specific assistance he shall provide. This includes, but is not limited to, consenting to monitored and/or recorded telephone conversations, participating in undercover operations, testifying **completely and truthfully** before any grand jury, at any pre-trial proceeding, during any trial, and any post-trial proceeding.

4.    If the United States deems it necessary, the defendant may be required to take a polygraph examination(s) which will be administered by a government polygrapher. **Defendant** agrees that the results of any polygraph examination may be used by the United States in its evaluation of whether or not there has been substantial assistance, and are admissible at sentencing to rebut an assertion by the defendant of bad faith or unconstitutional motive on the part of the United States.

5.    **Defendant** agrees to turn over to the United States any and all documents, tapes and other tangible objects which are in his possession or under his control and which are relevant to the subject matter of his cooperation. This obligation is a continuing one and includes materials that **Defendant** may acquire, obtain or have access to after the execution of this agreement.

6.    **Defendant** agrees to confess the forfeiture to the United States of all properties

which represent proceeds of his criminal activities or which facilitated any

aspect of these illegal activities.  **Defendant** also agrees to identify the assets of

any other person which were obtained through or facilitated the defendant's

illegal activities or the illegal activities of another.

7.    If **Defendant** provides **<u>full, complete and truthful cooperation</u>** to the United

States, and if his cooperation results in substantial assistance to the United

States in the investigation or prosecution of another person who has committed

an offense, the United States Attorney's Office for the Southern District of

Alabama agrees to move for a downward departure pursuant to U.S.S.G. §

5K1.1 or to file a motion pursuant to Rule 35 of the Fed.R.Crim.P.  The

defendant acknowledges that the determination of whether or not he has

provided substantial assistance will be made solely by the United States

Attorney's Office for the Southern District of Alabama.  If a decision is made

by the United States to move for a downward departure pursuant to § 5K1.1 or

to file a Rule 35 motion, the defendant further acknowledges that the

determination regarding the nature and extent of the defendant's assistance

rests solely with the United States Attorney's Office for the Southern District

of Alabama.

8.    **<u>Defendant acknowledges and fully understands that this plea agreement</u>**

**<u>does not contain a promise by the United States to move for a § 5K1.1</u>**

**<u>downward departure or to file a Rule 35 motion.</u>**

9.    If the United States moves for a downward departure pursuant to U.S.S.G. §

5K1.1 or files a Rule 35 motion, the United States will recommend to the

Court that the Court depart from the low end of the Sentencing Guideline range

as determined by the Court. The defendant acknowledges that the United

States can only **make a recommendation** for a downward departure to the

Court. **The Court has the ultimate authority to determine whether a**

**downward departure should be granted and the amount of any downward**

**departure. The Court also has the ultimate authority to deny a**

**recommendation for a downward departure.**

10.   **The United States makes no representations or promises in this agreement**

**with regard to the exact amount of reduction the United States may**

**recommend to the Court if the United States determines that the**

**defendant has provided substantial assistance.**

11.   The United States and **Defendant** agree that any breach of this cooperation

agreement by **Defendant**, including but not limited to, failing to cooperate,

intentionally withholding information, giving false information, committing

perjury, failing to identify assets obtained by him from his illegal activities or

obtained by others associated with him or of which he has knowledge, refusing

to take a polygraph examination, failing a polygraph examination, or refusing

to testify before the grand jury or at any judicial proceeding, would:

(1)    permit the United States to reinstate and proceed with prosecution on any

other charges arising from the matters underlying the Indictment; and

(2)     permit the United States to instigate and proceed with the prosecution on any other charges arising from a breach of this agreement. The United States will not be limited, in any respect, in the use it may make against **Defendant** of any information provided by **Defendant** during his breached cooperation. Such breach will constitute a waiver of any claim **Defendant** could make under the United States Constitution, the Federal Rules of Evidence, the Federal Rules of Criminal Procedure, or any statute or case law by which **Defendant** seeks to suppress the use of such information or any evidence derived from such information.

12.   Nothing in this agreement shall protect **Defendant** in any way from prosecution for any offense committed after the date of this agreement, including perjury, false declaration, false statement, and obstruction of justice, should **Defendant** commit any of these offenses during his cooperation. **Defendant** acknowledges and agrees that the information and documents that he discloses to the United States pursuant to this agreement may be used against him in any such prosecution.

13.   The United States and **Defendant** agree that **Defendant** will continue his cooperation even after he is sentenced in the instant matter. His failure to continue his cooperation will constitute a breach of this agreement, and **Defendant** agrees that under such conditions, the United States will be free to reinstate the charges and the prosecution of the charges in the Indictment which are to be dismissed in accordance with this agreement. Under these

circumstances, **Defendant** expressly waives any rights he may have under the status of limitations and the speedy trial provisions.

## LIMITED WAIVER OF RIGHT TO APPEAL SENTENCE

21.     The defendant acknowledges that he is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed.  In exchange for the recommendations made by the United States in this Plea Agreement, the defendant knowingly and voluntarily waives the right to appeal any sentence imposed in this case.

22.     With the limited exceptions noted below, the defendant also waives his right to challenge any sentence so imposed, or the manner in which it was determined, in any collateral attack, including but not limited to, a motion brought under 28 U.S.C. § 2255. Any sentence so imposed includes any determination or sentence imposed in a supervised release or probation revocation proceeding.

23.     The defendant reserves the right to contest in an appeal or post-conviction proceeding any of the following:

      a.     Any punishment imposed in excess of the statutory maximum;

      b.     Any punishment that constitutes an upward departure from the guideline range; or

      c.     A claim of ineffective assistance of counsel.

24.     In addition, the defendant reserves the right to petition the Court for resentencing pursuant to 18 U.S.C. § 3582 in the event of a future retroactive amendment to the Sentencing Guidelines which would affect the defendant's sentence.

## VIOLATION OF AGREEMENT

25.     The defendant understands that if he violates any provision of this agreement, the United States will be free from any obligations imposed by this agreement and will be free to prosecute the defendant on any charges of which it has knowledge. In such event, the defendant agrees not to assert any objections to prosecution that he might have under the 6th Amendment and/or Speedy Trial Act.

26.     In addition, if the defendant is released from detention prior to sentencing, he understands that the United States will no longer be bound by this agreement if he violates any condition of his release prior to sentencing or prior to serving his/her sentence after it is imposed.

## ENTIRETY OF AGREEMENT

27.     This document is the complete statement of the agreement between the defendant and the United States and may not be altered unless done so in writing and signed by all the parties.

Respectfully submitted,

KENYEN R. BROWN
UNITED STATES ATTORNEY
By:


Date: 3 - 25 - 10

MARIA E. MURPHY
Assistant United States Attorney
Chief, Criminal Division

Date: 3/25/10

GEORGE F. MAY
Assistant United States Attorney


THOMAS E. PEREZ
ASSISTANT ATTORNEY GENERAL
CIVIL RIGHTS DIVISION
By:


Date: 26 MARCH 2010

DONALD W. TUNNAGE
Trial Attorney
Civil Rights Division


I have consulted with my counsel and fully understand all my rights with respect to the offense(s) charged in the Indictment pending against me. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this agreement, and I voluntarily agree to it. I hereby stipulate that the Factual Resume, incorporated herein, is true and accurate in every respect, and that had the matter proceeded to trial, the United States could have proved the same beyond a reasonable doubt.


Date: 3/26/10

CHRISTIAN RODNEY ICE, DEFENDANT


I am the attorney for the defendant. I have fully explained his rights to him with respect to the offense(s) charged in the Indictment in this matter. I have carefully reviewed every part of

13

this Plea Agreement with him. To my knowledge, his decision to enter into this agreement is an informed and voluntary one. I have carefully reviewed the Factual Resume, incorporated herein, with the defendant and to my knowledge, his decision to stipulate to the facts is an informed, intelligent and voluntary one.

Date: _3/26/10_                            _____
MICHAEL J. HARBIN
Counsel for Defendant

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| | *   **CRIMINAL NO. 09-00280 - CG** |
| **v.** | * |
| | * |
| **CHRISTIAN RODNEY ICE** | * |

## FACTUAL RESUME

The defendant, **CHRISTIAN RODNEY ICE**, admits the allegations of Count Two of the Indictment.

## ELEMENTS OF THE OFFENSE

**ICE** understands that in order to prove a violation of Title 18, United States Code, Section 247(c), as charged in Count Two of the Indictment, the United States must prove that:

| | |
|---|---|
| First: | That the defendant, acting intentionally; |
| Second: | Defaced, damaged, or destroyed religious real property; and |
| Third: | That the defendant's actions were done because of the race and ethnic characteristics of an individual or individuals associated with such religious property. |

1

## OFFENSE CONDUCT

Defendant, **CHRISTIAN RODNEY ICE** admits in open court and under oath the following facts:

On the evening of January 3, 2009 the defendant drove another man to Cooper Riverside Park located on Water Street in Mobile, Alabama. While at the park the defendant and the other man used spray paint to deface parts of Cooper Riverside Park. The defendant spray painted two lightning bolts, meant to symbolize the German SS or Waffen SS. The Waffen SS was a close knit organization in Nazi Germany that, among other things, carried out Nazi policies with violence. The man with the defendant at Cooper Riverside Park spray painted words to include "Shiessen die Juden!" which means "Shoot the Jews" in German and "JUDEN RAUS!" which means Get out Jews in German. The man with the defendant also spray painted the words "Get out, NIGGERS!" on a wall at the park. The man with the defendant also spray painted a Nazi swastika and he spray painted "C18." "C-18" refers to Combat-18 which is a neo-Nazi group that originated in England.

After the spray painting at Cooper Riverside Park the defendant drove the other man to the Tree of Life Messianic Synagogue located at 8715 Jeff Hamilton Road in Mobile, Alabama where both men proceeded to use black spray paint to deface and damage the synagogue. The defendant spray painted the words "Juden RAUS!" on the synagogue, which he knew to mean Get out Jews, and "COMBAT 18" which again refers to a neo-Nazi group that originated in England. The man with the defendant also defaced the synagogue with black spray paint and painted, among other things, two Nazi swastikas and the words "HiTLER was RIGHT!" (sic).

The defendant acted intentionally when he defaced and damaged the synagogue, which is

religious real property. The defendant's actions were motivated by and because of the race and

ethnic characteristics of the individuals associated with the Tree of Life Synagogue.

Respectfully submitted,

AGREED TO AND SIGNED

KENYEN R. BROWN
UNITED STATES ATTORNEY
By:

Date: 3-23-10
_____
MARIA E. MURPHY
Assistant United States Attorney
Chief, Criminal Division


Date: 3/25/10
_____
GEORGE F. MAY
Assistant United States Attorney


THOMAS E. PEREZ
ASSISTANT ATTORNEY GENERAL
CIVIL RIGHTS DIVISION
By:


Date: 26 MARCH 2010
_____
DONALD W. TUNNAGE
Trial Attorney
Civil Rights Division

Date: 3/26/10 _____    _____
                                CHRISTIAN RODNEY ICE
                                Defendant


Date: 3/26/10 _____    _____
                                MICHAEL J. HARBIN
                                Counsel for Defendant